IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                 CASE NO.: 8:19-cr-544-TPB-TGW

MIGUEL GUERRA,
PEDRO VILLAREAL LUNAR,
WILLIAM ROJAS,
ELEAZAR LUGO SANCHEZ,
LUIS SALAZAR,
ALBERTO MENDOZA,
NELSON SUAREZ,
MARIO SERRANO,
DOUGLAS RODRIQUEZ,
EDGAR ORDAZ,
TONY SALAZAR SALAZAR,
RAFAEL QUIJADA,
GUSTAVO JAUREGUI, and
EUCLIDES JAUREGUI,

    Defendants.
_____/

**DEFENDANT ELEAZAR LUGO SANCHEZ'S
SENTENCING MEMORANDUM**

Defendant, Eleazar Lugo Sanchez, through his undersigned counsel, hereby provides his sentencing memorandum in advance of his August 19, 2021 sentencing hearing.

MEMORANDUM OF LAW

I. *Objections to Absence of Minor Role Downward Adjustment*

According to Count One of the Indictment, the count of conviction, the

grand jury alleged that the 14 named defendants conspired "with each other *and with other persons, both known and unknown to the Grand Jury*," to distribute and to possess with intent to distribute five kilograms or more of cocaine. Doc. 1 at 1-2 (emphasis added). Each and every such conspirator is a criminally responsible "participant" in the offense, as that term is used in USSG § 3B1.2. Particularly when his role is viewed in the context not only of the acts of the 14 defendants, but in the context of *all* of the participants in the conspiracy to import more than a quarter ton of cocaine, Mr. Lugo Sanchez clearly played a minor role. Accordingly, five levels should be subtracted from his total offense level.

Mr. Lugo Sanchez made timely objections to ¶ 32 of the initial Presentence Report dated June 24, 2021. Paragraph 32 reflected the absence of a mitigating role downward adjustment pursuant to USSG § 3B1.2(b). Mr. Lugo Sanchez submits that a 2-level downward adjustment accurately represented his actual role in the case. In addition, he objected to ¶ 32 because of the absence of an additional 3-level reduction under USSG § 2D1.1(a)(5)(iii), which applies in the event a defendant in Mr. Lugo Sanchez's circumstance receives a mitigating role downward adjustment. In sum, Mr. Lugo Sanchez's objection to ¶ 32 asserted that his total offense level should have been reduced by a total of 5 levels.

The July 22, 2021 addendum to the Presentence Report overruled the objection, relying on the commentary accompanying USSG §

3B1.1(2)(b), as well as the Eleventh Circuit's opinion in *United States v. De Varon,* 175 F. 3d 930 (11th Cir. 1999) (*en banc*). Addendum, p. 2. The addendum asserted that, "The defendant stated that he never touched the cocaine as opposed to his co-defendants that handled the cocaine when it was jettisoned from the vessel." Addendum, p. 1. However, (although it is true), Mr. Lugo Sanchez did not rely on this fact. Mr. Lugo Sanchez does not rely merely on the fact that he did not participate in jettisoning the cocaine. He relies instead on all of the factors addressed by the post-*De Varon* authority of *United States v. Cruickshank*, 837 F. 3d 1182 (11th Cir. 2016).

According to USSG § 3B1.2(b), a 2-level decrease is appropriate for a minor participant. "Participant" is defined as "a person who is criminally responsible for the commission of the offense, but need not have been convicted." USSG § 3B1.2, comment. (n. 1) (cross-referencing USSG § 3B1.1, comment. (n.1)). In this case, the "participants" in Count One are not limited to the 14 named defendants, of course, as the grand jury alleged that they conspired "with each other and with other persons, both known and unknown to the Grand Jury." Doc. 1, at 2.

The guideline applies to any defendant whose role "makes him substantially less culpable than the average participant in the criminal activity." USSG § 3B1.2, comment. (n.3(A)). The application note provides that the reduction would even apply in circumstances in which the

defendant's relevant conduct in a drug trafficking case is based on a drug quantity less than that embraced by the entire conspiracy; here, in contrast, Lugo Sanchez's relevant conduct is coextensive with the entire drug quantity involved in the entire conspiracy, The same application note also provides, in circumstances more closely analogous to his case, that the adjustment would apply in a fraud case in which the entire fraud amount is attributable to the defendant even though his personal gain is limited. *Id*.

The guideline provides list of five non-exhaustive factors that this Court applies in determining whether Mr. Lugo Sanchez played a minor role. All of the factors weigh in his favor:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
>
> (v) the degree to which the defendant stood to benefit from the criminal activity.

USSG § 3B1.2, comment. (n. 3(C)). According to this application note, this determination is based on a totality of the circumstances and is heavily

dependent on the facts of the case. *Id.* Finally, the application note expressly provides that "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline," and that the fact "that a defendant performs an essential or indispensable role in the criminal activity is not determinative." *Id.*

In *Cruickshank, supra,* the Eleventh Circuit reversed and remanded for reconsideration of a mariner's contention that a minor role reduction was appropriate. Notably, the defendant was one of only two men aboard a vessel containing 171 kilograms of cocaine that was intercepted in the Caribbean. 837 F. 3d at 1186. The *Cruickshank* court noted that, in *De Varon,* the Eleventh Circuit rejected a presumption either that drug couriers could categorically never be, or must always be, minor participants. *Id.* at 1192, *citing De Varon,* 175 F. 3d at 940. Instead, the district court must assess all of the facts probative of the defendant's role, including the "'amount of drugs, amount of money to be paid to the courier, equity interest in the drugs, role in planning the criminal scheme, and role in the distribution.'" *Id.* at 1192, *quoting De Varon, id.* at 945 (noting that the defendant in De Varon was appropriately denied a downward adjustment in part because she was central to the importation scheme and invested her own money to finance the scheme).

The *Cruickshank* court observed that the United States Sentencing

Commission relied in part on *De Varon* in amending USSG §3B1.1. *Id.* at 1193. The *Cruickshank* court then noted that, in so doing, the Commission provided that the reason for the amendment was to require courts to "'measure the defendant's role against the relevant conduct for which the defendant is held accountable at sentencing, *whether or not other defendants are charged.*'" *Id., quoting* USSG App. C, Amend. 635, Reason for Amendment (emphasis added). The *Cruickshank* court then noted that the Commission's later amendments to USSG § 3B1.2 – the current language of application note 3(C), quoted above – was also consistent with the Eleventh Circuit's approach. *Id.*

    The *Cruickshank* court then evaluated the relevant factors for assessing a role reduction, noting that the defendant programmed the vessel's route, evaded authorities, obstructed the Coast Guard, transported a significant quantity of drugs, expected "premium pay," was only one of two persons aboard a vessel used in international smuggling, and endangered others. *Id.* at 1194 (suggesting that these facts weighed against a reduction for minor role). Even so, the court reversed and remanded after finding that the district court reasoned that the fact of the significant drug quantity alone disqualified the defendant from a minor role reduction. *Id.* The *Cruickshank* court observed that while the drug quantity could itself undermine a minor role finding is certain cases, in that case the drug quantity had to be balanced against such facts as the defendant did not

6

load the drugs on the vessel, "reconstruct" the vessel (to conceal drugs, presumably), fuel the vessel, attend planning meetings for the trip, or "*otherwise appear to have any role concerning the quantity of drugs involved.*" *Id.* at 1195, n. 1 (emphasis added). The *Cruikshank* court observed that the guideline amendments that established the current version of USSG § 3B1.2 established that none of the factors relevant to a minor-role adjustment depended on drug quantity. *Id.* at 1195 (emphasizing new commentary that a defendant who has no proprietary interest in the narcotics and is simply paid for certain tasks should be considered for a reduction).

Applying the guideline and *Cruickshank* to Mr. Lugo Sanchez's role, it is clear that he played a minor role in the offense. First, according to the Presentence Report, he had no proprietary interest in the seized cocaine, and was compensated only for certain tasks, namely appearing as a legitimate fisherman. The PSR provides no basis to conclude that Mr. Lugo 1) understood the "scope and structure" of the criminal activity; 2) participated in the planning or organizing of the criminal activity; 3) exercised or influenced decision-making authority; 4) performed anything other than menial tasks and having no responsibility or discretion in performing those tasks; or 5) benefited other than marginally from the criminal activity. *See* USSG § 3B1.2, comment. (n. 3(A)). Likewise, in contrast to the defendant in *Cruickshank*, Mr. Lugo Sanchez did not

program the vessel's route, evade authorities, obstruct the Coast Guard, expect "premium pay," was among a small group of mariners, or endanger others. *See Cruickshank*, 837 F. 3d at 1193. Conversely, like the defendant in *Cruickshank*, the Presentence Report does not reflect that Mr. Lugo Sanchez loaded the drugs on the vessel, "reconstructed" the vessel (to conceal drugs, presumably), fueled the vessel, attended planning meetings for the trip, or otherwise appear to have any role relating to establishing the quantity of drugs involved. *See Cruickshank*, 837 F. 3d at 1195, n. 1.

Although the other participants in the criminal activity, which include the other conspirators known and unknown to the grand jury, are not "identifiable" by name, they are "discernible." *See De Varon*, 175 F. 3d at 944 (participants must be identifiable *or* discernible). Certainly, other discernible participants in the conspiracy must include, but is not limited to: all of the individuals having an ownership interest in the cocaine in it source nation; individuals trusted to manage the transportation, over land and overseas, of the cocaine; the recipients of the planned cocaine delivery in Central America; and the managers of the drug trafficking organizations responsible for purchasing the cocaine and distributing it in North America. When viewed in the proper context, Mr. Lugo Sanchez's role is indisputably minor, if not minimal.

II. *Motion for Variance*

Mr. Lugo Sanchez also moves for a downward variance from the

advisory Sentencing Guidelines. As the Presentence Report reflects at ¶ 76, a potential basis for a downward adjustment pursuant to 18 U.S.C. § 3553(a) is Mr. Lugo Sanchez's personal characteristics and demographics, especially because his limited education made him susceptible to recruitment in the smuggling venture. (Please note that ¶ 45 should be corrected to reflect that Mr. Lugo Sanchez is now 61 years old, as he was born on July 28, 1960. The identifying information on page 3 is correct. Both his father and mother are 80 years old.) His life has been poverty stricken. He completed only the sixth grade, PSR ¶ 56, and has made his living as a fisherman since age 14. *Id*. at ¶ 46. He has supported six children on his subsistence income. *Id*. at ¶ 49. In short, Mr. Lugo Sanchez was exploited because of his poverty as an expendable cog in an international drug trafficking organization. A variance is clearly appropriate.

       WHEREFORE, defendant Eleazar Lugo Sanchez provides his Sentencing Memorandum.

Respectfully submitted,

FARMER & FITZGERALD, P.A.

/s/ *Matthew Farmer*
Matthew P. Farmer, Esq.
Fla. Bar No. 0793469
1560 W. Cleveland St.
Tampa, FL 33606
(813) 228-0095
FAX (813) 224-0269
MattFarmer1@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically to the following on this 2nd day of August, 2021:

AUSA Joseph Ruddy
Joseph.Ruddy@usdoj.gov

Frank McDermott, Esq.
Frank@injuryarrest.com

Stephen Crawford, Esq.
Stephen_Crawford@msn.com

Wesley Trombley, Esq.
wtrombley@trombleyhaneslaw.com

Victor Martinez, Esq.
vmartinez@tampabay.rr.com

Scott Robbins, Esq.
ScottRobbins@aol.com

David Hardy, Esq.
dch@thehardylawfirm.com

Michael Maddux, Esq.
mmaddux@madduxattorneys.com

Ronald Marzullo, Esq.
Marzullorj2@aol.com

Lori Palmieri, Esq.
Lori@Palmierilaw.com

Shelton Bridges, IV, Esq.
Shelton@sheltonbridges.com

Anthony Candela, Esq.
tony@candelalawfirm.com

Manuel Franco, Esq.
Manuel.Franco.Law@gmail.com

Edwin Javier Prado-Galarza, Esq.
Pradolaw10@gmail.com


*/s/ Matthew Farmer*
COUNSEL